UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CAMERON WALKER,<br><br>Plaintiff,<br><br>v.<br><br>NRA GROUP, LLC d/b/a NATIONAL RECOVERY AGENCY,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:23-cv-181<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, CAMERON WALKER ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC, complaining as to the conduct of NRA GROUP, LLC d/b/a NATIONAL RECOVERY AGENCY ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant resides in the Eastern District of Missouri and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Eastern District of Missouri.

### PARTIES

4. Plaintiff is a disabled consumer over 18-years-of-age who resides in Stoddard County, Missouri, which is located within Eastern District of Missouri.

5. Defendant "is a nationwide provider of accounts receivable management."[1] Defendant is a third-party debt collector organized under the laws of the state of Pennsylvania, with its principal place of business located at 2491 Paxton Street, Harrisburg, Pennsylvania 17111. Defendant regularly collects upon consumers across the United States, including those residing within the state of Missouri.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. For the last several months, Plaintiff has been looking to improve his credit, so he accessed his credit report and was surprised to see three (3) entries bearing Defendant's name, who was reporting in an active collection status, medical debt ("subject debt") that Plaintiff purportedly incurred with *Meramec Emergency Physicians LLP* ("Meramec").

8. At the time Plaintiff obtained medical services from Meramec, Plaintiff was assured that his expenses would be covered by his medical insurance.

9. Accordingly, on or about April 14, 2023, Plaintiff contacted Defendant via telephone and relayed this information, along with the fact that Plaintiff disputed owing the subject debt.

10. Rather than notate Plaintiff's dispute and inform Meramec of the same, Defendant's representative disregarded Plaintiff's information and attempted to collect upon the subject debt.

---

[1] https://www.nationalrecovery.com/

2

11.     A few weeks later, Plaintiff checked his credit report to ensure that Defendant was no longer reporting the subject debt, but much to his dismay, not only was Defendant reporting the account as in collection, but Defendant also failed to notate the account was disputed by Plaintiff. *See* attached Exhibit A for relevant page(s) from Plaintiff's Experian credit report.

12.     Plaintiff was perplexed by Defendant's failure to communicate to Experian that the subject debt was disputed, especially given the fact that Defendant re-reported the subject debt to Experian on May 1, 2023, which was after Plaintiff's dispute with Defendant. *See Id.*

13.     Defendant has failed to notify Experian regarding Plaintiff's dispute of the subject debt, and has continued to disseminate false information regarding Plaintiff to third parties, including potential creditors.

14.     Frustrated with Defendant's conduct, Plaintiff spoke with the undersigned counsel regarding his rights, resulting in expenses.

15.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from him by falsely communicating information regarding the subject debt to credit reporting agencies, and ultimately cause unwarranted harm to his credit or otherwise harm him economically.

16.     The erroneous reporting of the subject debt paints a false and damaging image of Plaintiff. Specifically, Defendant's inaccurate reporting has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff has outstanding accounts that remain unpaid and are acknowledged by Plaintiff.

17.     The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

18. Defendant's conduct and disputed credit reporting has caused Plaintiff additional concrete harm, including but not limited to: a decreased credit score, the dissemination of false information to one or more third parties, the loss of credit and/or the loss of ability to purchase and benefit from a credit line, the exacerbation of his physical and medical symptoms, loss of sleep, expending time addressing and dealing with Defendant's confusing and false conduct, and a violation of his state and federally protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendant's collection efforts.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

21. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has also been a member of the Association of Credit and Collection Professionals ("ACA") since 2006.[2]

22. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

#### i.     Violations of 15 U.S.C § 1692e

---

[2] https://me.acainternational.org/Membership/Membership-Directory/Company-Member-Directory/Company-Details?accountid=%7B25ADBD9C-4542-EC11-8C62-000D3A5B8E84%7D

4

23. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

24. In addition, this section enumerates specific violations, such as:

"Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, *including the failure to communicate that a disputed debt is disputed*." 15 U.S.C. § 1692e(8) (emphasis added); and

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

25. Defendant violated 15 U.S.C. §§ 1692e, e(8), and e(10) when it used false and deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was false and misleading for Defendant to report the subject debt to Experian in an active collection status, when not only did Plaintiff not owe the subject debt, but he explicitly disputed the same directly with Defendant. Yet, Defendant failed to communicate Plaintiff's dispute to the credit reporting agencies. Consequently, Defendant knowingly communicated false and incomplete credit information to Experian, knowing it would affect Plaintiff's creditworthiness and ultimately force Plaintiff into making payment on a disputed debt that he did not owe.

### ii. Violations of FDCPA § 1692f

26. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

27. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect upon the subject debt through its credit reporting. Plaintiff did not owe the subject debt, as he was fully insured as the time he obtained medical services from Meramec. Plaintiff informed Defendant of this information, but rather than being mindful of this dispute, Defendant disregarded

Plaintiff's contentions and knowingly continued to unfairly report false and incomplete information to the credit bureaus.

28. Furthermore, Defendant's conduct is also in violation of 15 U.S.C. § 1681s-2(a)(3) of the Fair Credit Reporting Act ("FCRA"); and while the FCRA itself does not afford Plaintiff any private remedies for violations under this provision, Defendant's willful abuse of the same is further evidence of its unfair and unconscionable behavior.

29. As pled in paragraphs 14 through 18, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, CAMERON WALKER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt, and from further credit reporting of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 13th day of October, 2023.                    Respectfully Submitted,

                                                    */s/ Taxiarchis Hatzidimitriadis*
                                                    Taxiarchis Hatzidimitriadis #6319225
                                                    CONSUMER LAW PARTNERS, LLC
                                                    180 N. Stetson Avenue, Suite 2800
                                                    Chicago, Illinois 60601
                                                    (267) 422-1000 (phone)

(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Counsel for Plaintiff, Cameron Walker*